IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUHTAMAKI, INC. | ) |
|                 *Plaintiff*, | ) |
| v. | ) Case No. 3:25-cv-00207 |
| LOLLICUP USA INC., a California corporation, and | ) |
| KARAT PACKAGING INC., a Delaware corporation, | ) |
|                 *Defendants*. | ) |

## COMPLAINT

Plaintiff Huhtamaki, Inc. ("Huhtamaki" or "Plaintiff"), by its attorneys and for its Complaint against defendants Lollicup USA Inc. ("Lollicup") and Karat Packaging Inc. ("Karat") (collectively "Defendants"), alleges and states as follows:

## NATURE OF THE ACTION

1. Huhtamaki brings this action to prevent Defendants Lollicup and Karat from continuing their unlawful copying of Huhtamaki's federally registered trade dress, to stop Defendants' unethical and unlawful attempts to replace Huhtamaki's products in U.S. commerce and to recover damages for Defendants' unlawful infringement.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Huhtamaki is an American company with its principal place of business at 9201 Packaging Drive, De Soto, Kansas 66018. Huhtamaki manufactures and distributes, among other things, molded fiber food and beverage packaging and consumer goods products including a variety of cup carrying trays, including, but not limited to, the tray depicted below:

1



3. Defendant Karat is a Delaware corporation with its principal place of business at 6185 Kimball Avenue, Chino, California 91708. Upon information and belief, Karat is in the business of manufacturing, importing, offering for sale and selling disposable foodservice products including food packaging, tableware, cups, cutlery and containers, including, but not limited to, molded fiber cup holders or trays.

4. Defendant Karat owns and operates a website at www.karatpackaging.com and through that site offers the Accused Infringing Trays (as defined below) as shown at www.karatpackaging.com/files/Sales%20Flyers/Karat/Cups%20&%20Lids/Sales-Flyer_Cup-Accessories.pdf. *See* Exhibit 1. The Karat website also directs users who wish to shop online to the Lollicup website noted below (https://lollicupstore.com).

5. Defendant Karat advertises that its products are available through its manufacturing facility and distribution center located in this judicial district at 3201 Capital Blvd, Unit A, Rockwall, Texas 75032.

6. Defendant Lollicup is a California corporation with its principal place of business at 6185 Kimball Avenue, Chino, California 91708. Upon information and belief, Lollicup is a wholly-owned and controlled subsidiary of Defendant Karat and is in the business of and touts

itself as a one-stop-shop for food service products, including, but not limited to, molded fiber cup holders or trays.

7. Defendant Lollicup owns and operates a fully interactive website at https://lollicupstore.com where it offers and sells the same Accused Infringing Trays (as defined below) as Defendant Karat, as identified above, and under the exact same SKU number as Karat as shown at https://lollicupstore.com/products/biodegradable-cup-holder-4-cups-8-32oz-300-ct. *See* Exhibit 2.

8. Defendant Lollicup advertises that its products are available through its warehouse located in this judicial district at 3201 Capital Blvd, Unit A, Rockwall, Texas 75032 and promotes local pickup at the Rockwall, Texas location or local delivery of products through that warehouse to several cities located within this judicial district including Dallas, Fort Worth, Plano, Addison, Frisco, Rockwall, and more.

9. This Court has jurisdiction over the disputes detailed herein because this is an action at last partly arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court also has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. This Court has personal jurisdiction over Defendant Karat because, on information and belief, it has substantial contacts in the State of Texas and within this judicial district. Furthermore, and on information and belief, Karat has deliberately engaged in significant and continuous business activities within Texas through its aforementioned Rockwell, Texas facility through which it offers and sells the Accused Infringing Trays (as defined below).

11. This Court has personal jurisdiction over Defendant Lollicup because, on information and belief, it has substantial contacts in the State of Texas and within this judicial district. Furthermore, and on information and belief, Karat has deliberately engaged in significant and continuous business activities within Texas through its aforementioned Rockwell, Texas facility through which it offers and sells the Accused Infringing Trays (as defined below).

12. Venue is further proper in this judicial district under 28 U.S.C. § 1391 because Defendants Karat and Lollicup have committed and continue to commit acts in this judicial district and a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and also under 28 U.S.C. § 1391, because Defendants are subject to this Court's personal jurisdiction for purposes of this case.

**HUHTAMAKI'S TRADE DRESS AND DEFENDANTS' INFRINGING CONDUCT**

13. For over 45 years, consumers in this judicial district and nationwide have been using an array of Huhtamaki's fiber molded products, including the tray depicted above.

14. Throughout this time, Huhtamaki, and/or its predecessors in interest, has manufactured its molded fiber tray products, like the one depicted above, in the United States to ensure that consumers continue to receive the high-quality products they have come to associate with the Huhtamaki brand.

15. Huhtamaki sells its molded fiber tray products primarily through distributors and sales representatives, in business to business or wholesale transactions. Huhtamaki's website directs potential customers to contact a representative to order its carry trays in bulk.

16. More than 25 years ago, Huhtamaki's predecessor, The Chinet Company, secured U.S. Trademark Registration No. 1,980,625 for aspects of the configuration of the tray, the trade dress described in the registration as "the mark consists of the inverted T-shaped opening in the

beverage-holding sockets of molded carry trays" (the "Tray Trade Dress Registration") covering the claimed ornamental design depicted therein (the "Tray Trade Dress"). A true and correct copy of the duly and lawfully issued Tray Trade Dress Registration is attached hereto as Exhibit 3, and reproduced below:



17.     Huhtamaki's Tray Trade Dress Registration has achieved incontestable status with the United States Patent and Trademark Office, providing it the irrebuttable presumption

5

that the covered trade dress is distinctive and immune from challenges to validity of the dress, as well as Huhtamaki's ownership and exclusive rights to use the dress.

18. Huhtamaki's incontestable Tray Trade Dress Registration further provides the presumption that the covered trade dress is non-functional.

19. Through its more than 45 years of continuous use and incontestable status, the Tray Trade Dress is uniquely associated with Huhtamaki (and its predecessors-in-interest) in connection with its fiber molded trays offered under the Tray Trade Dress.

20. For all times relevant hereto, Huhtamaki has possessed all rights, title and interest in and to the Tray Trade Dress Registration, the depicted Tray Trade Dress and all associated common law rights thereto.

21. Defendants Karat and Lollicup have distributed, marketed, and/or offered for sale molded fiber trays that are identical to trays covered by the Tray Trade Dress Registration. A true and accurate depictions of Karat's subject molded fiber carrying tray are depicted below (hereinafter, the "Accused Infringing Trays").

22. On information and belief, Defendants Karat and Lollicup sell the Accused Infringing Trays through sales representatives and distributors in business to business or wholesale transactions. The Accused Infringing Trays can also be ordered in bulk direct from Lollicup's website. *See* Exhibit 2.

23. The Defendants' copying of the configuration protected by the Huhtamaki Tray Trade Dress Registration is neither subtle nor nuanced, as shown by the below photographs of the Accused Infringing Trays:

 

24. As a result of Defendants' unlawful actions, Huhtamaki has suffered, and continues to suffer, irreparable harm.

25. To stop this unlawful conduct, and to recover the damages caused by it, Huhtamaki brings this action for injunctive and monetary relief for infringement of the incontestable Huhtamaki Tray Dress Registration and Tray Trade Dress in violation of 15 U.S.C. § 1114.

26. On information and belief, Defendants offer and sell the Accused Infringing Trays in commerce in connection with their importation from Asia and distribution without Huhtamaki's consent, within this judicial district and beyond.

27. On information and belief, Defendants' acts of knocking off Huhtamaki's incontestable Trade Dress Registration were done willfully and in bad faith, with actual knowledge of and in complete disregard of Huhtamaki's rights in the Tray Trade Dress, or at least done with objective recklessness and willful blindness that their acts constituted, induced, or contributed to infringement.

28.     Defendants committed acts of intellectual property infringement and have been unjustly enriched within this judicial district and beyond.

## FACTUAL BACKGROUND

29.     Huhtamaki's parent company was founded in 1920 as a confectionary company. In 1960, Huhtamaki entered the packaging industry. By the mid to late-1990's, Huhtamaki had become the market leader in food packaging in numerous markets. Today, Huhtamaki and its affiliated entities are solely focused on the packaging sector, employing over 18,000 employees, and Huhtamaki is a pioneer in exploring and using new sustainable materials, such as recyclable materials.

30.     For many years, Huhtamaki has engaged in the development, manufacture, and sale of quality food packaging and carrying products. Huhtamaki created unique, distinctive, and non-functional designs for its food packaging and carrying products, which it has extensively and continuously promoted and used in Texas and throughout the United States for decades, including the continuous promotion and use, *inter alia*, the Huhtamaki Tray Trade Dress, are well-known indicators of the origin and quality of Huhtamaki single-use food and beverage carrying solutions.

31.     Huhtamaki has used the Tray Trade Dress pictured above on its carrying tray products since at least as early as July 27, 1979 and through the present date. Huhtamaki is currently using the Tray Trade Dress in commerce and in connection with its sale of products in the United States.

32.     The Tray Trade Dress is non-functional and irrebuttably distinctive.

33.     On information and belief, Defendants import the Accused Infringing Trays into the United States and subsequently sell such products throughout the state of Texas, including within this judicial district.

34. In addition to monetary damages, Huhtamaki has suffered, and continues to suffer, irreparable harm from Defendants' actions.

35. In importing, marketing, distributing, and selling the Accused Infringing Trays, Defendants have gone beyond fair competition and instead elected to adopt a trade dress that has, and will, confuse consumers into thinking they are buying Huhtamaki's products.

36. If Defendants are permitted to continue their behavior, Huhtamaki will suffer irreparable harm. Most obviously, it will lose market share, as customers are confused into buying Defendants' Accused Infringing Trays when they intended to buy Huhtamaki's products.

## COUNT I: TRADE DRESS INFRINGEMENT

37. Huhtamaki incorporates by reference each and every allegation contained above as if fully set forth herein.

38. Huhtamaki's incontestable Tray Trade Dress Registration is in full force and effect, and has the Tray Trade Dress has been continuously and widely used throughout the United States.

39. Defendants' use, offer and sale of the Accused Infringing Trays colorably imitates, and appropriates Huhtamaki's rights in the Tray Trade Dress Registration and associated Tray Trade Dress, and such use is likely to cause confusion and mistake in the minds of the purchasing public as to the source of Defendants' services in violation of 15 U.S.C. § 1114(1).

40. Defendants' use, offer and sale of the Accused Infringing Trays infringes Huhtamaki's Tray Trade Dress rights as established by the incontestable Tray Trade Dress Registration.

41. The activities of Defendants complained of herein constitute willful and intentional infringement of Huhtamaki's Tray Trade Dress, in total disregard of Huhtamaki's

proprietary rights, and were commenced and have continued in spite of Defendants' knowledge that the use, offer and sale of the Accused Infringing Trays, or any copy or colorable imitation of Huhtamaki's Tray Trade Dress and associated Tray Trade Dress Registration, was and is in direct contravention of Huhtamaki's rights.

42. Defendants' unauthorized use, offer and sale of the Accused Infringing Trays is greatly and irreparably damaging to Huhtamaki in the form of loss in income; confusion in the marketplace as to the duly authorized source of the products sold and offered for sale under the Tray Trade Dress; and impairment of the goodwill Huhtamaki has in its Tray Trade Dress, and, if not enjoined, will continue to cause irreparable damage to the rights of Huhtamaki in and to its Tray Trade Dress and to the respective business, reputation, and goodwill of Huhtamaki.

43. Huhtamaki has no adequate remedy at law. Huhtamaki's damages are not yet fully determined.

44. The purchasing public is likely to attribute Defendants' use of the Tray Trade Dress as a source of origin, sponsorship, approval, and/or authorization for the products Defendants sell and, further, purchase products from Defendants in the erroneous belief that Defendants' products are authorized by, associated with, sponsored by, or affiliated with Huhtamaki, when they are not.

45. Defendants' actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high-quality reputation of Huhtamaki, and/or to improperly appropriate to itself the valuable Tray Trade Dress.

46. Defendants' unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendants have directed their marketing activities.

Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase products from Defendants and cause competitive and other commercial injuries to Huhtamaki. Defendants have made, and continue to make, false and/or misleading statements with the intent to cause confusion and mistake, or to deceive the public into believing that Defendants' products are authorized by, associated with, sponsored by, or affiliated with Huhtamaki, when they are not. Huhtamaki has been damaged as a result.

47. As a result of Defendants' misconduct, Huhtamaki has suffered, and will continue to suffer, irreparable harm to its goodwill and reputation with both its customers, authorized distributors, and retail partners.

48. Huhtamaki has no adequate remedy at law for the above immediate and continuing harm. Huhtamaki has been and—absent injunctive relief—will continue to be irreparably harmed by Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Huhtamaki prays for judgment as follows:

A. For judgment that Defendants Karat and Lollicup infringed the Huhtamaki Tray Trade Dress in violation of § 1114 of Title 15 in the United States Code, and that such infringement was willful.

B. For a permanent injunction:

1. Against further infringement of Huhtamaki's Tray Trade Dress by Defendants; and

2. Requiring that Defendants recall from any and call channels of distribution, including, but not limited to, distribution and retailers, any and all infringing products and promotional material for the Accused Infringing Trays.

C. For an order:

1. Awarding Huhtamaki, under 15 U.S.C. § 1117, all profits received by Defendants from the sales and revenue of any kind made as a result of Defendants' sales of the Accused Infringing Trays, and damages, to be determined, that Huhtamaki has suffered as a result of Defendants' sales and marketing of the same, including, but not limited to, Huhtamaki's lost profits, and damages awarded pursuant to 15 U.S.C § 1117 trebled;

2. Awarding Huhtamaki's attorneys' fees and costs;

3. Awarding Huhtamaki pre-judgment and post-judgment interest;

4. Directing the destruction of all Accused Infringing Trays found to infringe Huhtamaki's Tray Trade Dress and other means of making the Accused Infringing Trays in Defendants' possession, custody, or control, and all advertising materials related to the Accused Infringing Trays in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118; and

5. Awarding Huhtamaki such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Huhtamaki demands trial by jury on all matters triable by jury.

Dated: January 27, 2025                               Respectfully submitted,

<div style="margin-left:50%">

<u>/s/ Buffey E. Klein</u>
Buffey E. Klein
State Bar No. 24032515
Buffey.Klein@huschblackwell.com
**Husch Blackwell LLP**
1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170

Michael R. Annis (*pro hac vice* forthcoming)
Samantha R. Sweet (*pro hac vice* forthcoming)
Michael.Annis@huschblackwell.com
Samantha.Sweet@huschblackwell.com
**Husch Blackwell LLP**
8001 Forsyth Blvd, Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

***Attorneys for Huhtamaki, Inc.***

</div>

13