IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUHTAMAKI, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0207-N |
| | § | |
| LOLLICUP USA INC., *and* | § | |
| KARAT PACKAGING INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Lollicup USA Inc. ("Lollicup") and Karat Packaging Inc.'s ("Karat Packaging") (collectively "Defendants") motion to dismiss [18] and motion to transfer venue [19]. For the reasons set forth below, the Court denies both motions.

### I. ORIGINS OF THE MOTION

Plaintiff Huhtamaki, Inc. ("Huhtamaki") is a Kansas corporation that manufactures and distributes molded fiber food and beverage packaging, including a variety of cup carrying trays. Def.'s Mot. Br. at 5 [19]. Defendant Lollicup is a California corporation that sells food packaging, containers, tableware, cups, lids, cutlery, and cup carriers. Defs.' Mot. Br. 7 [18]. Lollicup is a wholly owned subsidiary of co-defendant Karat Packaging, a Delaware holding company. *Id*. Huhtamaki sued Defendants for infringing Huhtamaki's federal trade dress registration by incorporating ornamental aspects of Huhtamaki's cup carrying trays. Pl.'s Resp. at 1. [24]. Defendants moved to dismiss the suit for failure to

state a claim or, alternatively, seeks transfer from the Northern District of Texas, Dallas Division, to the Central District of California, Los Angeles Division, where a separate action by Defendants is pending. Defs.' Mot. Br. 6 [19]. Defendants filed this second action involving two other trade dress registrations owned by Huhtamaki nine days after Huhtamaki filed the present case in Dallas. *Id.*

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that

MEMORANDUM OPINION AND ORDER – PAGE 2

all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III. THE COURT DENIES THE MOTION TO DISMISS

The Court holds that Huhtamaki's complaint sufficiently alleges trade dress infringement. Defendants argue that Huhtamaki failed to plausibly plead a likelihood of confusion about the source of the parties' respective goods. Defs.' Br. 7 [19]. In particular, Defendants argue that Huhtamaki pled no facts relevant to the Court's likelihood of confusion analysis, such as Huhtamaki's channels of trade, the parties' advertising practices, and the sophistication of the parties' customers. *Id*. at 14-17. However, at this stage of litigation, a plaintiff need not prove actual confusion in its pleadings. *Sadieboo, Inc. v. MJ Tools Corp.*, 526 F.Supp.3d 285, 291 (W. D. Mich. 2021) (concluding that "evidence of actual confusion is not necessary" to overcome a motion to dismiss a trademark infringement claim). Rather, Huhtamaki's complaint must allege facts that, if taken as true, allow the court to draw a reasonable inference that the defendants infringed on its trade dress registration. *Id*. Huhtamaki's complaint includes facts alleging both the possession of a protectable trademark and the likelihood of confusion. Pl.'s Resp. 2 [24]. For example, Huhtamaki alleged that defendants advertised and sold a similar product to an audience that overlaps with Huhtamaki's. *Id.* at 5-7. Thus, Huhtamaki has sufficiently alleged facts to plausibly state a claim for trade dress infringement. Accordingly, the Court denies the motion to dismiss for failure to state a claim.

## IV. Legal standard for Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit has adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), as appropriate for the determination of whether a Section 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) . . . (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. [235,] 241 [1981]) . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Volkswagen of America*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*.

The Fifth Circuit has also rejected certain considerations as factors. Most importantly, a plaintiff's choice of forum is not a factor to be weighed but rather bears on the movant's burden of proof. *In re Volkswagen*, 545 F.3d at 315 n.10 ("A plaintiff's choice of forum, however, is not an independent factor within the § 1404(a) analysis. . . . it is

nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer.").

> Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id*. at 315.

### V. THE COURT DENIES THE MOTION TO TRANSFER VENUE

The *Volkswagen* factors do not favor transfer to Los Angeles. First, the public interest factors do not favor either venue. Defendants operate and sell the allegedly infringing product in both California and Texas. Pl.'s Resp. at 1-2 [22]. Thus, the local interests in vindication do not clearly favor one venue over another. Furthermore, the districts courts are equally familiar with federal trademark law, there is no question of conflict of laws, and neither court faces unique administrative difficulties in trying the case.

Second, Defendants have not shown that it is clearly more convenient to litigate this case in the Los Angeles venue. Defendants assert that the cost of attendance for non-party witnesses and the availability of compulsory process to secure the attendance of witnesses favor the Los Angeles venue over Dallas because neither party is based in Texas. Defs.' Br. 11-15 [19]. Defendants further argue that several sales, logistics, and finance employees from their headquarters in Chino, California are knowledgeable about the factors determining likelihood of confusion. *Id.* at 13. However, Defendants also have several finance and sales employees in the North Texas area that are subject to this Court's

subpoena power. Pl.'s Resp. 2-3, 8-9 [22]. Defendants do not suggest that its employees in California are uniquely knowledgeable about facts relevant to this case or that Defendants' employees in Texas could not provide the same information at trial. Thus, the cost of attendance and availability factors do not weigh in favor of transfer.

Both parties conduct a substantial amount of business in the Northern District of Texas. Furthermore, each party is subject to the same issues concerning the availability and travel costs for witnesses from the parties' respective headquarters outside of Texas. Therefore, both parties will be inconvenienced if they choose to have witnesses travel from California or Kansas to Dallas for trial. Defendants have not demonstrated any other practical problems that might burden the trial. *In re Volkswagen*, 545 F.3d at 315. Thus, defendants cannot overcome plaintiff's choice of venue. *Id.* Accordingly, the Court denies Defendants' motion to transfer.

## CONCLUSION

The Court denies Defendants' motion to dismiss under Rule 12(b)(6) and denies Defendants' motion to transfer venue under 28 U.S.C. § 1404(a).

Signed January 6, 2026.

_____
David C. Godbey
Senior United States District Judge